IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
                               )
VINCENT'S PIZZA PARK, INC.,    )
          Plaintiff,           )
                               )
     v.                        )   Civil Action No. 11-1601
                               )
B&C PIZZA, JOHN J. BELISSIMO,  )
and JOSEPH CAVA,               )
          Defendants.          )
                               )
```

## MEMORANDUM

Gary L. Lancaster,                              May $\underset{\smile}{3}$ , 2012
Chief Judge.

This is a breach of contract and trademark infringement action arising out of a failed business relationship. Vincent's Pizza Park, Inc. ("VPP, Inc.") filed a complaint on December 16, 2011 against three defendants: John Belissimo, Joseph Cava, and B&C Pizza. VPP, Inc. obtained a default judgment against all three defendants on March 9, 2012 enjoining their continued operation of a Vincent's Pizza Park brand restaurant at 998 Ardmore Boulevard in Pittsburgh, Pennsylvania. [doc. no. 34]. Approximately two weeks after entry of that judgment, defendants filed an emergency motion for stay of judgment and relief from judgment. [doc. no. 39]. For the reasons set forth below we deny that motion.

## I. BACKGROUND FACTS

### A. Ardmore Boulevard Vincent's Pizza Park Facts

Pursuant to several agreements signed on March 31, 2003, Belissimo and Cava formed B&C Pizza in order to own and operate a Vincent's Pizza Park brand restaurant on Ardmore Boulevard. The first agreement formed B&C Pizza, as a Statutory Close Corporation, with one third ownership each in Belissimo, Cava, and Vincent Chianese (hereinafter, the "Shareholders Agreement"). The Shareholders Agreement also included a lease of the building located at 998 Ardmore Boulevard from the Vincent Chianese and Edith Chianese Revocable Trust to B&C Pizza for the purpose of operating a Vincent's Pizza Park. In the second agreement, VPP, Inc. licensed the trademarks, service marks, and proprietary product recipes and know-how needed to operate a Vincent's Pizza Park brand restaurant to B&C Pizza (hereinafter, the "Licensing Agreement").

VPP, Inc. contends that all defendants have breached the Licensing Agreement by failing to remit the required royalty payments to it since April 1, 2010. As a result, following a refusal to cure the default, VPP, Inc. terminated the Licensing Agreement by letter received on October 17, 2011. According to defendants, such termination was improper and ineffective because the payment of royalties under the Licensing Agreement has been in dispute for some time, and since such dispute arose,

defendants have been depositing the royalty payments into an escrow account.

## B. Litigation Facts

VPP, Inc. filed a two count complaint on December 16, 2011, alleging breach of the Licensing Agreement and violation of the Lanham Act. [doc. no. 1]. On February 10, 2012, with B&C Pizza and Belissimo having failed to file a responsive pleading, VPP, Inc. asked the Clerk of Court to enter default against those two defendants. [doc. nos. 18 & 19]. The Clerk of Court entered default against these two defendants on February 13, 2012. [doc. nos. 24 & 25]. Following the execution of alternative service on Joseph Cava, VPP, Inc. asked the Clerk of Court to enter default against Cava. [doc. nos. 23, 26 & 27]. The Clerk entered default against Cava on March 7, 2012. [doc. no. 32].

Thereafter, VPP, Inc. filed a motion for entry of default judgment against all three defendants. [doc. no. 33]. The Court granted that motion and entered an order on March 9, 2012 finding that the licensing agreement was terminated, and enjoining defendants from using any of the Vincent's Pizza Park trademarks, service marks, or proprietary product recipes and know-how, and from operating or occupying the restaurant located at 998 Ardmore Boulevard. [doc. no. 34]. We also awarded VPP,

3

Inc. $42,760.33 in monetary damages. [Id.]. Defendants first filed the instant motion seeking relief from that judgment on March 24, 2012. [doc. nos. 37 & 39].

## II. LEGAL AUTHORITY

A party may seek relief from a final judgment pursuant to Federal Rule of Civil Procedure 60(b). FED. R. CIV. P. 60(b). As an initial matter, a default judgment entered when there has been no proper service of the complaint is improper and void, and will be set aside on that basis alone pursuant to Rule 60(b)(4). FED. R. CIV. P. 55(c), 60(b)(4); Petrucelli v. Bohringer and Ratzinger, GMBH, 46 F.3d 1298, 1303-04 (3d Cir. 1995) (citing Gold Kist, Inc. v. Laurinburg Oil Comp., Inc., 756 F.2d 14, 18-19 (3d Cir. 1985)).

Assuming service was proper, when deciding whether to set aside a default judgment pursuant to Rule 60(b)(1) on the basis of alleged mistake, inadvertence, surprise, or excusable neglect, district courts must consider: (1) whether the plaintiff will be prejudiced if the default judgment is set aside; (2) whether the defendant has a meritorious defense; (3) whether the default was the product of culpable conduct; and (4) the effectiveness of alternative sanctions. Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988); EMCASCO Insur. Co. v. Sambrick, 834 F.2d 71, 73-74 (3d Cir. 1987) (citing cases);

4

see also, Johnson v. U.S., 375 Fed.Appx. 273, 275 (3d Cir. 2010); Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 Fed.Appx. 519, 521-22 (3d Cir. 2006). Although the determination of whether to set aside a default judgment is left to the discretion of the district court, we are required to make explicit findings concerning all of these factors in order to facilitate appellate review. EMCASCO, 834 F.2d at 72, 74 (citing cases); Nationwide, 175 Fed.Appx. at 521.

The second factor, i.e., presentation of a meritorious defense, is often referred to as a threshold requirement for setting aside a default judgment. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984). As to the first factor, "[d]elay in realizing satisfaction on a claim rarely serves to establish [a sufficient] degree of prejudice." Feliciano v. Reliant Tooling Co. Ltd., 691 F.2d 653, 656-57 (3d Cir. 1982). Instead, prejudice is established where a plaintiff's ability to pursue the claim has been hindered by, for example, loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment. Id. at 657. Culpable conduct is described as willfulness, bad faith, fraudulent conduct, or deliberate actions taken for purposes of trial strategy. Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 419-20 (3d Cir. 1987); Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 124 (3d Cir. 1983).

5

Where a defendant seeks to set aside a default judgment pursuant to the catch-all provision of Rule 60(b)(6), he must demonstrate "extraordinary circumstances." Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008). To do so, a defendant must show that he will suffer "an extreme and unexpected hardship" as a result of the default judgment, which can rarely be accomplished when the default has resulted from that party's deliberate choices. Id.

Although decisions to set aside default judgments are left to the discretion of the district courts, doubtful cases should be resolved in favor of lifting the default judgment so that a case can be decided on the merits. Harad, 839 F.2d at 981; U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984).

## III. DISCUSSION

As an initial matter, the record provides all facts and legal authority necessary to decide this motion. The court does not require, and would not benefit from, a hearing on this matter.

6

## A. Setting Aside Default Judgment Pursuant to Rule 60(b)(4)[1]

Because a default judgment entered without proper service of the complaint is void, we must first determine whether the defendants were properly served. FED. R. CIV. P. 55(c), 60(b)(4). Cava concedes that he was properly served in accordance with this court's order granting VPP, Inc.'s motion for alternative service. [doc. no. 39 at ¶¶ 26, 28]. However, Belissimo and B&C Pizza contend that they were never properly served and if they were properly served "were never aware" of it. [Id. at ¶¶ 21, 22, 28].

VPP, Inc. served Belissimo and B&C Pizza by leaving copies of the summons and complaint at the Vincent's Pizza Park restaurant on Ardmore Boulevard, and at the Penn Monroe Restaurant on William Penn Highway. As summarized above, Belissimo is a shareholder of B&C Pizza. B&C Pizza owns and operates the Vincent's Pizza on Ardmore Boulevard pursuant to the agreements set forth above. Belissimo is the secretary/treasurer of Penn Monroe, Inc., which owns and operates the Penn Monroe Restaurant on William Penn Highway. In both instances, the documents were left with the individual who

---

[1] Although defendants do not delineate their arguments according to the applicable subsection of Rule 60, but rather simply make a blanket prayer for relief "pursuant to Federal Rules of Procedure [sic] 55(c) and 60(b)(1-6)," we have organized our analysis of their arguments in this way to facilitate appellate review.

identified herself as the manager in charge of the establishment at the time.

In the case of the service made at the Penn Monroe Restaurant, the manager confirmed that Belissimo maintained an office at the restaurant and had been there earlier that same day. In the case of the service made at the Vincent's Pizza restaurant on Ardmore Boulevard, the papers were left with the manager in charge, who reported that Mr. Belissimo visited the location occasionally. Notably, that restaurant is a regular place of business of B&C Pizza, of which Belissimo is a one-third shareholder. Such service conforms to Pennsylvania state law, PA. R. CIV. P. 402(a)(2)(iii) and 424(1) & (2), and as such is valid, FED. R. CIV. P. 4(e)(1). Belissimo's and B&C Pizza's argument that service was improper because it did not conform to the requirements of Federal Rule of Civil Procedure 4(e)(2) ignores subsection (e)(1) of that same rule, which explicitly allows service to be made by following state law. As such, Belissimo's and B&C Pizza's challenge to the sufficiency of service of process on this ground is without merit.

Defendants' challenges to the sufficiency of service on the ground that "[t]hey were never aware that they were properly served" and that the default judgment came as a "complete surprise" are not viable. [doc. no. 39 at ¶ 20, 21, 26]. By virtue of being served in accordance with the Federal

8

Rules of Civil Procedure, knowledge of such service and of the proceedings is presumed and imputed. Misunderstanding or ignorance of the law provides defendants, who had in fact been properly served, with no relief.

Belissimo's and B&C Pizza's final service-related challenge is that they have "…still…not received service of the default judgment or a notice of presentation of the motion for default judgment." [Id. at ¶¶ 25 & 35]. VPP, Inc. had no duty to serve Belissimo or B&C Pizza with its motion for default judgment because they had entered no appearance at that time. FED. R. CIV. P. 5(a)(2). Moreover, the seven day notice of the hearing on a motion for default judgment to which defendants refer applies only if "…the party against whom a default judgment is sought has appeared personally or by a representative…" FED. R. CIV. P. 55(b)(2). As set forth above, no defendant had appeared in any manner before the default judgment was entered.

Because VPP, Inc. served Belissimo and B&C Pizza in accordance with Pennsylvania law, and served Cava in accordance with this Court's February 13, 2012 order for alternative service, we find that service was proper, and defendants' request to set aside the default judgment on that ground is meritless. Defendants are not entitled to relief pursuant to Rule 60(b)(4).

9

## B. Setting Aside Default Judgment Pursuant to Rule 60(b)(1)

Having found that service was proper, we must now consider defendants' motion to set aside the default judgment because of mistake, inadvertence, surprise, or excusable neglect. FED. R. CIV. P. 60(b)(1). We must ask four questions in order to reach a decision on this issue: first, whether the plaintiff will be prejudiced if the default judgment is set aside; second, whether the defendant has a meritorious defense; third, whether the default was the product of culpable conduct; and fourth, whether alternative sanctions could be effective. Harad, 839 F.2d at 982; EMCASCO, 834 F.2d at 73-74.

### 1. Meritorious Defense

We begin with the second, threshold inquiry into whether defendants are able to raise a meritorious defense to the complaint. Defendants have raised numerous allegedly meritorious defenses to this action. We will consider each in turn below, but find that none raises a meritorious defense sufficient to justify setting aside the default judgment.

### (a) Lack of a Contractual Breach

First, defendants contend that they are not in breach of the Licensing Agreement for failing to pay royalty fees because they have deposited such amounts into an escrow account

10

after a dispute arose over the proper amounts owed. [doc. no. 39 at ¶ 29].  In support of this defense, defendants have attached "representative letters and escrow statements sent by the Defendants to the Plaintiffs."  [Id.].  These letters in no way support defendants' allegedly meritorious defense of lack of a breach of the licensing agreement.

The first letter is dated November 23, 2011, which is only weeks before VPP, Inc. filed this case.  The letter simply encloses "sales tax returns for B&C Pizza," which it appears were requested by VPP, Inc.'s attorney.  Although the attached spreadsheet for October 2010 refers to "Vinny 5%," an assumed reference to the monthly 5% licensing fee due to VPP, Inc., the October 2011 spreadsheet makes no reference to this amount.  The other documents are filings B&C Pizza made to various taxing authorities.  There is no indication from the cover letter or the attached financial documents that the parties were disputing the royalty amount owed to VPP, Inc. under the Licensing Agreement, as defendants now contend.

The second letter does refer to the escrowing of royalty fees, and to "straighten[ing] out this issue," however, it is also dated March 15, 2012, which is three months after this lawsuit was filed.  The timing of the letter makes it of limited value in supporting defendants' alleged meritorious defense to this action.

11

Defendants have submitted nothing to indicate that any allegedly disputed amounts had actually been escrowed or to explain the basis of the alleged dispute over the licensing fees. Such documentation should be readily available considering this dispute was to have begun nearly two years ago. A party seeking to have a default judgment set aside on the grounds that it has a meritorious defense to the action must "assert specific facts supporting its meritorious defense" and do more than make "simple denials or conclusory statements." See e.g., Wyndham Hotels and Resorts, LLC v. Rhonda & Sons, Inc., 2011 WL 831940 at *2 (D.N.J. Mar. 1, 2011) (citing U.S. Currency, 728 F.2d at 195).

Here, defendants have done no more than make a blanket statement that they "were not in breach of the [licensing agreement]…[because of]…a lengthy dispute over owed royalties." [doc. no. 39 at ¶ 29]. The limited documentation they submitted does not substantiate that there was a nearly two year long dispute regarding payment of royalties under the Licensing Agreement, or that "…for many months, the Defendants have sent counsel for Plaintiffs a letter detailing the funds paid into escrow pending resolution of the parties' dispute." [Id.]. As such, this does not qualify as a meritorious defense satisfying the threshold requirement.

## (b) Arbitration Clause

Defendants also contend that they could assert a meritorious defense to VPP, Inc.'s action because jurisdiction is improper in this Court pursuant to an arbitration clause. [doc. no. 39 at ¶ 31]. The Shareholders Agreement does include a binding arbitration clause. [doc. no. 39-3 at ¶ A.5(H)]. However, by its own terms, the clause applies to conflicts that might arise regarding the operation of the Statutory Close Corporation, B&C Pizza, which is owned by Cava, Belissimo, and Vincent Chianese. The allegations of the complaint do not concern such a dispute. Rather, in the complaint, VPP, Inc. alleges a breach of the Licensing Agreement by B&C Pizza, Belissimo, and Cava. This is not a disagreement over how B&C Pizza will be operated, but a dispute between B&C Pizza and its licensor. As such, this arbitration clause does not apply, and could not provide a meritorious defense to this action.

## (c) Right of First Purchase Clause

Defendants contend that the instant lawsuit is obviated because they have a right to "…purchase all assets of Vincent's Pizza that are currently in question…" under paragraph A.6(c) of the Shareholders Agreement. [doc. no. 39 at ¶¶ 32, 33 and Ex. 3]. Defendants have missed the mark on several fronts.

13

First, this right of first purchase applies only to the physical building and land located at 998 Ardmore Boulevard, and does not speak to ownership of the trademarks, service marks, and proprietary product recipes and know-how that are needed to operate a Vincent's Pizza Park brand restaurant. VPP, Inc.'s complaint is directed to the latter subject matter.

Second, even assuming the right of first purchase was substantively relevant to this dispute, the right does not become ripe until March of 2013. As such, defendants would not be able to assert that clause in defense of this action. As with the asserted arbitration clause from the shareholders agreement, the right of first purchase clause does not provide defendants with a meritorious defense to this action.

### (d) Improperly Barred From Premises

Defendants next assert that they would have a meritorious defense to this action because "barring the Defendants from the subject property (Vincent's Pizza on Ardmore Boulevard) in no way flows from the relief requested in the Plaintiff's complaint." [doc. no. 39 at ¶ 30]. Again, defendants are mistaken. By way of background, the default judgment order signed by the Court on March 9, 2012 terminated the Licensing Agreement and enjoined any defendant from using the Vincent's Pizza trademarks, service marks, proprietary

14

product recipes, and know-how. In short, under the terms of the Order, Belissimo, Cava, and B&C Pizza could no longer operate the Vincent's Pizza on Ardmore Boulevard.

However, a covenant of B&C Pizza's lease for the Ardmore Boulevard building requires that B&C Pizza operate the Ardmore Boulevard location "…as *Vincent's Pizza Park*, continuously a minimum of six (6) days each week." [doc. no. 39-3 at p. 10 (emphasis in original)]. Given that B&C Pizza, Belissimo, and Cava are now enjoined from using the Vincent's Pizza marks and methods, it is impossible for defendants to fulfill that covenant. Therefore, barring defendants from the Ardmore Boulevard location directly, inherently, and appropriately flows from the injunctive relief otherwise ordered.[2] Again, this argument does not provide defendants with a meritorious defense to the action.

### (e) Breach of Loyalty/Fiduciary Duty Claims

Finally, defendants contend that were they able to proceed on the merits of this case, they "…would have brought breach of loyalty and fiduciary duty claims against the Plaintiff, whose sole officer is also an officer of B&C Pizza."

---

[2] Defendants' argument that barring B&C Pizza from the Ardmore Boulevard location is akin to "…barring [plaintiff] from its own business…since the Plaintiff is a part of B&C Pizza" is factually incorrect. The plaintiff in this case, VPP, Inc., owns no part of B&C Pizza. Instead, Vincent Chianese owned one third of B&C Pizza prior to his death. Following his death, such ownership is reportedly now held by Mr. Chianese's estate.

15

[doc. no. 39 at ¶ 34]. It is unclear how these claims would provide a defense to allegations of failure to pay royalties due under the Licensing Agreement with VPP, Inc., which is not an owner or officer of B&C Pizza.

Defendants have made no effort to make any showing in that regard, and as such, under the authority cited in subsection (a) above, they cannot rely on this conclusory statement alone to establish a meritorious defense in this case. As such, this cannot provide defendants with a meritorious defense to the action.

### (f) Summary

We have carefully considered each of the arguments made and positions taken by defendants on the meritorious defense factor. As recited several times, this factor is a threshold determination. Even though we are to apply the four-part test, which also considers prejudice to plaintiff, defendant's culpable conduct, and alternative sanctions, if a defendant is unable to establish that it could assert a meritorious defense, that defendant is not entitled to have a default judgment set aside. Harad, 839 F.2d at 982.

We have found that Belissimo, Cava, and B&C Pizza have not established that they could assert a meritorious defense if the default judgment were to be set aside. It would follow on

16

this ground alone that we deny their motion to set aside the default judgment. However, in the interest of completeness, we will also consider the other three factors below.

## 2. Prejudice

The next factor we are to consider when deciding whether to grant a defendant's motion to set aside a default judgment is prejudice to the plaintiff. Prejudice is established where a plaintiff would be harmed or hindered in pursuing its claim following the re-opening, and subsequent litigation, of the case on the merits. Feliciano, 691 F.2d at 656-57. Mere delay in reaching an ultimate resolution of the case is not sufficient to warrant refusing to set aside a default judgment. Id.

In this case, VPP, Inc. has made no allegations or arguments directed to the prejudice factor. Given that the default judgment was entered less than two months ago, upon independent review, we find it unlikely that legally relevant prejudice to VPP, Inc., such as loss of available evidence, increased potential for fraud, or substantial reliance on the judgment, has occurred.

As such, this factor weighs in favor of setting aside the default judgment.

### 3. Culpable Conduct

In deciding whether to set aside a default judgment, we must also ask whether the entry of default judgment is the product of defendants' culpable conduct. Culpable conduct is described as bad faith, willful, or fraudulent actions, or deliberate actions taken for purposes of trial strategy. Zawadski de Bueno, 822 F.2d at 419; Gross, 700 F.2d at 124. The record before the court reflects that the default judgment was the result of defendants' culpable conduct.

Any allegations that defendants had no idea a lawsuit had been filed against them, and were caught off guard by the entry of a default judgment are incredulous. Counsel for VPP, Inc. provided a copy of the complaint to defendants' counsel on December 21, 2011, and asked that counsel accept service on his clients' behalf. [doc. no. 41-1]. Defendants' counsel reported back the next day that "I spoke with my clients today. They will not authorize me to accept service." [doc. no. 41-2]. Although defendants were not properly served as a result of this exchange, it makes their claim of surprise contrived.

Regardless, Belissimo and B&C Pizza were served within the next few weeks, and Cava was served by mid-February, after actively evading service for weeks. [doc. nos. 11-14 and 26]. Belissimo and B&C Pizza's objections to the validity of service amounted to no more than a purported ignorance of the ability of

18

a litigant in federal court to serve process in accordance with state law. Taking such a frivolous and unsupported position can be characterized as culpable conduct. Moreover, Cava's active attempts to avoid service of process are easily characterized as such.

VPP, Inc. has demonstrated that defendants were communicating regularly with their attorney, and with VPP, Inc., through their attorney, during the pendency of this case. In addition, defendants were in a franchise-like relationship with VPP, Inc. at the time, and regular communication was essential to business operations, and in fact, occurred. Any failure on their part to participate in the case could only have been purposeful and strategic. Notably, defendants' participation could well have included an objection to the sufficiency of service of process. Instead, defendants sat by and waited until a default judgment was entered against them to make a formal appearance in this matter, at which time they objected to the sufficiency of service, among other things.

This factor weighs in favor of denying defendants' motion to set aside the default judgment.

### 4. Effectiveness of Alternative Sanctions

Finally, in deciding whether to set aside a default judgment, we must also consider the effectiveness of alternative sanctions. As an initial matter, defendants have not requested any alternative sanctions in this case. In fact, they have failed to address this factor in any way in their motion. Upon independent review, we conclude that alternative sanctions would be inappropriate given that defendants cannot assert a meritorious defense, and engaged in culpable conduct.

Not having been asked to formulate an alternative sanction, and being unable to devise an appropriate one under the circumstances of this case, we find that this factor weighs in favor of denying defendants' motion.

### 5. Summary

Based on our consideration of the four-factor test, we conclude that it would be improper to set aside the default judgment entered by this court on March 9, 2012 pursuant to Rule 60(b)(1). Defendants have failed to satisfy the threshold requirement of establishing that they could assert a meritorious defense to the underlying case. This alone makes lifting the default unwarranted.

However, we have also found that defendants engaged in culpable conduct by purposefully refusing to participate in this

case until after a default judgment had been entered and that alternative sanctions would not be effective under the circumstances. Because these three factors weigh so heavily against defendants, the fact that VPP, Inc. has not established that it would suffer prejudice if the default were set aside is without consequence.

On balance of the four factors, we deny defendants' motion to set aside the default judgment pursuant to Rule 60(b)(1).

## C. Setting Aside Default Judgment Pursuant to Rule 60(b)(6)

Lastly, we must determine whether defendants have established "any other reason that justifies relief" from entry of the default judgment. FED. R. CIV. P. 60(b)(6). The Court of Appeals for the Third Circuit has stated that in order to be entitled to relief under this Rule, defendants must establish "extraordinary circumstances," i.e., "an extreme and unexpected hardship." Budget Blinds, 536 F.3d at 255; see also, Johnson, 375 Fed.Appx. at 275.

The phrases "extraordinary circumstances" and "extreme and unexpected hardship" appear nowhere in defendants' motion. The Court has independently reviewed defendants' motion in an attempt to locate any factual or legal arguments that could reasonably fall into this category. The only reference to

21

unexpected consequences is defendants' contention that the default judgment came as a complete surprise to them because they were not aware that they had been properly served, believing that they needed to be personally served. [doc. no. 39 at ¶¶ 20, 21, 26, 27]. We have already found these arguments to be without merit. See, Section III.A. We find nothing else in defendants' motion to indicate that the default judgment will result in an extreme hardship to them or that extraordinary circumstances exist in this case.

Furthermore, we have already found that waiting until after default judgment had been entered was a purposeful act. See, Section III.B(3). The Court of Appeals for the Third Circuit has stated that relief is rarely available under Rule 60(b)(6) where default has resulted from a party's deliberate choices. Budget Blinds, 536 F.3d at 255. We conclude that this is not the rare case in which relief is available even though the party deliberately awaited entry of default judgment before deciding to participate in the case.

As such, defendants have not established that they are entitled to relief pursuant to Federal Rule of Civil Procedure 60(b)(6).

## IV. CONCLUSION

Because all defendants were properly served, because defendants cannot establish a meritorious defense to the action, because they engaged in culpable conduct, and because they have failed to demonstrate extraordinary circumstances or an extreme hardship we deny defendants' motion to set aside the default judgment. In doing so, we are mindful of the Court of Appeals' preference that cases be decided on their merits, however, upon application of the tests set forth by that court, we conclude that setting aside the default judgment would be inappropriate in this case.

An appropriate order will be filed contemporaneously with this memorandum.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VINCENT'S PIZZA PARK, INC.,        )
            Plaintiff,             )
                                   )
        v.                         )   Civil Action No. 11-1601
                                   )
B&C PIZZA, JOHN J. BELISSIMO,      )
and JOSEPH CAVA,                   )
            Defendants.            )
                                   )

ORDER

AND NOW, this 3rd day of May, 2012, it is HEREBY

ORDERED that Defendants' Emergency Motion for Stay of the

Default Judgment and for Relief from Default Judgment [doc. no.

39] is DENIED.

BY THE COURT,

_____, C.J.

cc:  All Counsel of Record